UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KWOK KAI LO and LINDA MAK LO, his wife,

                 Plaintiffs,

       -against-

NEIL R. PRABHU,

                Defendant.
----------------------------------------------------------------X

**OPINION AND ORDER**

16 Civ. 7623 (JCM)

      Plaintiffs Kwok Kai Lo and Linda Mak Lo ("Plaintiffs") commenced this action against Defendant Neil R. Prabhu ("Defendant") to recover damages for injuries Mr. Lo suffered when Defendant's vehicle struck Mr. Lo's vehicle as Defendant drove intoxicated and in the wrong direction on southbound Route 9A.[1] (Docket No. 1).  Before this Court is Plaintiffs' Motion for Partial Summary Judgment, dated March 2, 2018, pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Motion"), seeking summary judgment on the issue of Defendant's liability on the negligence claim. (Docket No. 30).  Defendant opposed the Motion on March 20, 2018, (Docket No. 33), and Plaintiffs replied on March 29, 2018.[2] (Docket No. 34).  For the reasons set forth below, the Court grants Plaintiffs' Motion.

**I.  BACKGROUND**

      The following facts are taken from Plaintiffs' Statement of Material Facts submitted pursuant to Local Rule 56.1 of the United States District Courts for the Southern and Eastern

---

[1] This action is before this Court for all purposes on the consent of the parties, pursuant to 28 U.S.C. § 636(c). (Docket No. 14).

[2] The parties' briefs are hereinafter cited as "Pl. Br," "Def. Opp." and "Pl. Reply" (Docket Nos. 32, 33, 34).  All page number citations refer to the page number assigned upon electronic filing unless otherwise noted.

1

Districts of New York, ("Pl. 56.1")[3], (Docket No. 32), the parties' exhibits, and the briefs submitted by the parties in support of their contentions. The facts are construed "in the light most favorable" to Defendant as the party opposing summary judgment. *Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018).

There is no dispute that on February 27, 2015 Defendant, while intoxicated and traveling in the wrong direction in the southbound lanes of Route 9A, collided head on with Mr. Lo's vehicle. (Pl. 56.1 ¶¶ 15-16; Def. Opp. at 6). At approximately 10:30 p.m., Mr. Lo was traveling about 45 miles per hour southbound on Route 9A. (Pl. 56.1 ¶¶ 3-4). Mr. Lo saw a vehicle approximately 50 to 60 feet in front of him suddenly veer to the right. (*Id.*). Two to three seconds later, Mr. Lo saw two lights heading toward his vehicle at approximately 50 miles per hour. (*Id.* ¶ 5). Mr. Lo tried to brake and turn his vehicle to the right in order to avoid a collision, but the oncoming vehicle struck his vehicle head on. (*Id.*). Mr. Lo has limited recollection of the events that occurred after the accident and at the scene of the accident. (*Id.* ¶ 6).

Defendant has no recollection of the accident, but admits that he was driving the vehicle that struck Mr. Lo's vehicle. (Def. Opp. at 6; Pl. 56.1 ¶ 10). Defendant also admits that he was intoxicated and driving in the wrong direction on southbound Route 9A. (Def. Opp. at 6). Prior to getting into his vehicle, Defendant stopped at a bar at approximately 6:45 p.m. and consumed at least three beers and at least three shots of whiskey. (Pl. 56.1 ¶ 8).

The Briarcliff Manor Police Department responded to the scene of the accident and conducted an investigation. (Pl. 56.1 ¶ 12). The record includes the certified police report, the

---

[3] Defendant did not file a Rule 56.1 counter-statement or statement of facts. Therefore, where Plaintiffs' cited materials support the factual assertions in Plaintiffs' Rule 56.1 statement, the Court accepts these facts as true for purposes of this Opinion and Order. *See T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible.").

Westchester District Attorney's file with sworn complaints and depositions, and declarations from witnesses. The reports and declarations demonstrate that Defendant was traveling northbound in the left lane of the southbound lanes of Route 9A when he struck Mr. Lo's vehicle. (*Id.*). After the accident, a breath test performed on Defendant showed that Defendant had a blood alcohol of .23 at the time of the accident. (*Id.*).

Defendant pled guilty to DWI and reckless driving in July of 2015. (Pl. 56.1 ¶ 13). Defendant concedes in his opposition that he was negligent in driving intoxicated and in the wrong direction. (Def. Opp. at 14). Defendant nevertheless challenges Plaintiffs' entitlement to summary judgment, arguing there are triable issues of fact concerning whether Mr. Lo was comparatively negligent. (*Id.* at 15).

## II. LEGAL STANDARDS

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The moving party has the initial burden of showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009) (citation and internal quotation marks omitted). A fact is "material" if it might "affect the outcome of the suit under the governing law." *Id.*

In considering a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all

reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (citation and internal quotation marks omitted). However, the nonmovant cannot defeat a motion for summary judgment by relying on unsupported assertions, conjecture or surmise. *See Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). The nonmovant must also do more than show that there is "some metaphysical doubt as to the material facts." *McClellan v. Smith*, 438 F.3d 137, 144 (2d Cir. 2006) (quoting *Matsushita Elec. Indus Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). To survive a motion for summary judgment, "the non-moving party must set forth significant, probative evidence on which a reasonable fact-finder could decide in its favor." *Senno v. Elmsford Union Free School Dist.*, 812 F. Supp. 2d 454, 467-68 (S.D.N.Y. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986)).

## III. DISCUSSION

Defendant concedes that he was negligent. (Def. Opp. at 14). Nevertheless, Defendant opposes Plaintiffs' motion for summary judgment on two grounds. First, Defendant challenges the admissibility of the evidence presented by Plaintiffs in support of their motion. (*Id.* at 12-15). Second, Defendant argues that factual issues regarding Mr. Lo's comparative negligence preclude summary judgment. (*Id.* at 15).

### A. Admissibility of Plaintiffs' Evidence on Summary Judgment

"[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment," and a "district court deciding a summary judgment motion 'has broad discretion in choosing whether to admit evidence.'" *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 264 (2d Cir. 2009) (citation omitted). The evidence relied on at summary judgment need not be admissible in the form presented to the court so long as the evidence in question "will be presented in an admissible form at trial." *Santos v. Murdock*, 243

4

F.3d 681, 683 (2d Cir. 2001); *see also Auz v. Century Carpet, Inc.*, No. 12 Civ. 417 (LGS), 2014 WL 199511, at *2 n. 1 (S.D.N.Y. Jan. 17, 2014) ("Hearsay evidence is admissible at the summary judgment stage if the contents would otherwise be admissible at trial."). Defendant challenges (1) portions of Mr. Lo's affidavit; (2) portions of the certified police accident report; (3) the entirety of the arrest report and portions of the supplemental report; and (4) the entirety of the Westchester County District Attorney's Prosecution File. (Def. Opp. at 13-14). Defendant argues that the above evidence is inadmissible hearsay, not based on personal knowledge, and inadmissible under Federal Rules of Evidence 402 and 403. (*Id.*).

Mr. Lo's affidavit states: "After the accident, I obtained the police report and learned that the driver of the vehicle that struck my vehicle was Defendant Neil Prabhu. After the accident, I was also contacted by the Briarcliff Manor Police Department and was told that the driver that struck my vehicle was arrested at the scene for driving while intoxicated. I was asked to write a statement which I did and it is attached hereto." (Docket No. 31-3). The various reports generated by the Briarcliff Manor Police Department similarly state that Defendant was traveling the wrong direction on Route 9A while intoxicated. (Docket Nos. 31-5, 31-8). The Westchester County District Attorney's Prosecution File includes the police reports generated in this case as well as the witness statements. (Docket No. 31-8).

The Court denies Defendant's request to strike evidence from the summary judgment record on the grounds of hearsay and lack of personal knowledge because the factual content of the challenged pieces of evidence could be presented in admissible form at trial.[4] Plaintiffs could present testimony from the officers who conducted the investigation or enter the police

---

[4] The factual content of the challenged pieces of evidence has also largely been admitted to. Defendant admits that he was the driver of the vehicle that struck Mr. Lo's vehicle. (Def. Opp. 6, 9, 15). Defendant also admits in his opposition brief that he was negligent by driving intoxicated and in the wrong direction at the time he struck Mr. Lo. (*Id.*).

5

reports as business records or public records under Federal Rules of Evidence 803(6) and 803(8). *See Cooper v. City of New Rochelle*, 925 F. Supp. 2d 588, 605 (S.D.N.Y. 2013) (police report admissible on summary judgment as a business record or a public record); *Auz*, 2014 WL 199511, at *2 n. 1 (police report properly considered on summary judgment where it would be admissible at trial as a business or public record or where the police officer could testify as a live witness). Furthermore, Plaintiffs could call to the stand the witnesses who provided information to the police. The content of their declarations pertains to their first-hand observations, which would be admissible testimony at trial. *See Santos*, 243 F.3d at 683 (affidavits may be considered on summary judgment if they are "admissible themselves" or "contain evidence that will be presented in an admissible form at trial.").

The Court also denies Defendant's application to strike Plaintiffs' evidence from the summary judgment record pursuant to Federal Rules of Evidence 402 and 403. Defendant maintains that the above evidence should be excluded as prejudicial and needlessly cumulative in light of Defendant's admission that he was negligent. (Def. Opp. at 15). Federal Rule of Evidence 403 allows the Court to exclude probative evidence if the probative value of such evidence is substantially outweighed by the danger of unfair prejudice or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

In this case, the balance between the evidence's probative value and the prejudicial effect does not tip in favor of exclusion. The challenged evidence remains probative notwithstanding Defendant's admission that he was negligent. Even though Defendant admits his negligence, he argues that Mr. Lo's comparative negligence precludes summary judgment. (Def. Opp. at 15). Given Defendant's position, the details of the accident and the police department's investigation bear on whether any liability should be apportioned to Mr. Lo. *See Armstead v. Nat'l R.R.*

6

*Passenger Corp.*, 954 F. Supp. 111, 112 (S.D.N.Y. 1997) (New York's comparative negligence rule "apportions percentages of relative fault among the parties.").[5] Moreover, although Defendant moves to exclude the entirety of the prosecutorial file (Def. Opp. at 14), Defendant simultaneously relies upon witness declarations contained within that file in an attempt to demonstrate Mr. Lo's negligence, (*id.* at 16). Therefore, the Court does not find the challenged evidence to be needlessly cumulative. The Court also does not find that the challenged evidence presents a danger of unfair prejudice sufficient to outweigh its probative value. Accordingly, Defendant's motion to exclude evidence from the summary judgment record is denied.

**B. Comparative Negligence**

If a genuine issue of material fact exists as to whether Mr. Lo was comparatively negligent, summary judgment in Plaintiffs' favor is not warranted. *See Moe v. U.S.*, 668 F. Supp. 2d 497, 508 (W.D.N.Y. 2009) ("Although an apportionment of some fault to Plaintiff for the accident will not entirely preclude Plaintiff from recovering damages, a genuine issue of material fact as to whether Plaintiff was comparatively negligent in causing the accident will preclude summary judgment."). Defendant claims that the following facts demonstrate triable issues concerning Mr. Lo's alleged comparative negligence: (1) other drivers on Route 9A facing the same emergency were able to avoid head-on collisions with Defendant's vehicle; and (2) there are purported factual inconsistencies in a statement Mr. Lo provided one-month after the accident, his deposition, and an affidavit he submitted in February 2018. (Def. Opp. at 15-19). In response, Plaintiffs argue that there is no factual dispute that the emergency doctrine applies, preventing a finding that Mr. Lo acted negligently when placed in an emergency situation. (Pl.

---

[5] The parties do not contest the applicability of New York law in this diversity action.

Br. at 8-10; Pl. Reply at 3, 6). Plaintiffs further maintain that Defendant fails to submit evidence sufficient to support his theory that Mr. Lo acted unreasonably in an emergency. (*Id.*).

Under New York law, the emergency doctrine, if applicable, prevents a finding of negligence. *See Polonia v. Dunphy*, No. 11 Civ. 1563 (CM), 2012 WL 2376467, at *5 (S.D.N.Y. June 21, 2012). The emergency doctrine "recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration . . . the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context." *Rivera v. N.Y. City Transit Auth.*, 567 N.Y.S.2d 629, 631 (1991). It "applies only to circumstances where an actor is confronted by a sudden and unforeseen occurrence not of the actor's own making." *Jacobellis v. N.Y. State Thruway Auth.*, 858 N.Y.S.2d 786, 787 (2d Dep't 2008).

There is no question that the emergency doctrine applies to the instant case, which involves an intoxicated driver traveling in the wrong direction into oncoming traffic. This case is a quintessential example of an unanticipated emergency situation outside of Mr. Lo's control that required Mr. Lo to make split second decisions and to react instantaneously. *See, e.g. Lopez v. Wook Ko Young*, 945 N.Y.S.2d 728, 730 (2d Dep't 2012) ("A driver is not obligated to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic [and] [s]uch an event constitutes a classic emergency situation, thus implicating the 'emergency doctrine.'") (citation and internal quotation marks omitted); *Gonzalez v. City of N.Y.*, 742 N.Y.S.2d 301, 302 (1st Dep't 2002) (evidence that a car traveling at a high rate of speed crossed over into the bus lane going in the opposite direction "sufficed to show, prima facie, the applicability of the emergency doctrine."); *Jacobellis*, 858 N.Y.S.2d at 787 ("The doctrine is an affirmative defense, applicable to instantaneous occurrences such as an offending vehicle's

sudden crossover into the actor's oncoming lane of travel."). Furthermore, Plaintiffs have met their initial burden of demonstrating that Mr. Lo acted reasonably when faced with an emergency situation. For example, Mr. Lo attested that he had only seconds to react to Defendant's oncoming vehicle and that he attempted to move into another lane to avoid the collision. (Pl. 56.1 ¶ 5; 3/30/2015 Lo. Aff.; 2/26/2018 Lo Aff. ¶ 6).

Defendant's argument that Mr. Lo did not act reasonably in an emergency situation because *other* drivers were able to avoid Defendant's vehicle is unavailing. Defendant cites to the declarations of Daniel Hoffman, Brendon Camp, Summer Donaldson and Patricia Clark.[6] (Def. Opp. at 16). The witnesses stated that Defendant almost hit them as Defendant drove into oncoming traffic, but they or the driver in their car were able to avoid head-on collisions by swerving out of the way. (*Id.*). Defendant acknowledges that the other drivers were only able to avoid Defendant's vehicle as the result of "split second" reactions. (*Id.* at 18). In Ms. Donaldson's case, her husband, who was driving their vehicle, was unable to avoid the collision entirely, and Defendant's vehicle struck the back-passenger door and rear end instead of the front-passenger door where Ms. Donaldson was sitting. (Donaldson Dec.). Ms. Donaldson also observed Defendant's vehicle clip the car in front of them without stopping. (*Id.*). The statements from the other witnesses do not support Defendant's position that Mr. Lo acted unreasonably. Like the other drivers, Mr. Lo attempted to brake and swerve out of the way with only seconds to react. (Pl. 56.1 ¶ 5). There is no indication in any of the witness declarations that Mr. Lo's actions contributed to the accident. Thus, the witness declarations are insufficient to raise a genuine issue of material fact concerning Mr. Lo's comparative negligence.

---

[6] The declarations are included as exhibits to Defendant's opposition. (Docket Nos. 33-6, 33-7, 33-8, 33-9).

The declarations submitted by Defendant also further demonstrate the exigency of the situation Mr. Lo was placed in. Ms. Donaldson described Defendant as playing "chicken" on the road and driving almost 60 miles per hour in the wrong direction. (Donaldson Dec.). One driver was forced to drive his car into a snowbank in order to avoid being hit. (Camp Dec.). Another witness saw Defendant weave onto the shoulder of the road before driving back onto the road in front of multiple cars. (Clark Dec.). Three of the witnesses reported contacting 911 after observing Defendant on the road. (Donaldson Dec; Clark Dec.; Hoffman Dec.).

Furthermore, the purported inconsistencies between Mr. Lo's statements do not preclude summary judgment. Defendant argues that Mr. Lo's affidavits and deposition testimony differ on material facts.[7] (Def. Opp. at 10-12, 19). Mr. Lo's statement to the Briarcliff Manor Police Department, dated March 30, 2015, states:

> The time of the collision is around 22:35 on February 27, 2015. I was driving on the left lane, south bound on Route 9A near Briarcliff Manor. I was driving around 45 miles per hour and the car in front me suddenly moved to the right lane. The next second I saw another car with two light beams shining at me, moving north (toward my car) in the wrong direction. The moment I want to move to the right lane, the other car moving in the wrong direction hit my car head on. By the time I realized that there was an impact, collision, I was confused, disoriented and unable to get out of my car. An EMT arrived and took me to the emergency room in the Westchester Medical Center.

(3/30/2015 Lo Aff.). Mr. Lo also submitted an affidavit, dated February 26, 2018. Defendant claims the following details in the February 26, 2018 affidavit are inconsistent with Mr. Lo's earlier account: (1) Mr. Lo stated he was traveling approximately 50 to 60 feet behind the car in front of him; (2) Defendant's vehicle was traveling at approximately 50 miles per hour and was "barreling" toward him; (3) Mr. Lo observed Defendant's vehicle approximately 2 to 3 seconds

---

[7] Mr. Lo's affidavit, dated March 30, 2015, is Plaintiffs' Exhibit B. (Docket No. 31-2). The transcript of Mr. Lo's deposition testimony, dated July 11, 2017, is Plaintiffs' Exhibit A. (Docket No. 31-1). Mr. Lo's affidavit, dated February 26, 2018, is Plaintiffs' Exhibit C. (Docket No. 31-3).

after the vehicle in front of Mr. Lo swerved to the right; (4) Mr. Lo attempted to step on his brakes as he was trying to turn his car; and (5) Mr. Lo was knocked unconscious by the impact. (2/26/2018 Lo Aff. ¶¶ 5-6). At his deposition, Mr. Lo similarly testified that he tried to step on the brake in the seconds before the impact. (Lo Dep. at 22).

The additional details contained in Mr. Lo's subsequent affidavit and his deposition do not overtly contradict his earlier statement. Nor are they sufficiently inconsistent to raise a genuine issue of material fact with regard to the credibility of Mr. Lo's assertions. For example, Mr. Lo's attestation in his February 26, 2018 affidavit that he was traveling approximately 50 to 60 feet behind the car in front of him and that Defendant was traveling approximately 50 miles per hour and "barreling" toward Mr. Lo does not contradict his earlier statement.[8] Mr. Lo's statement that he observed Defendant's vehicle "approximately 2 to 3 seconds" after the car in front of him swerved does not differ materially from his earlier statement that Defendant's vehicle appeared the "next second" after the car swerved. Mr. Lo's testimony that he tried to step on the brake and turn to avoid a collision is not inconsistent with his earlier statement that he was trying to move into the right lane to avoid Defendant's vehicle when he was hit. Finally, Mr. Lo's claim that he was knocked unconscious by the impact (as opposed to merely confused and disoriented) does not relate to whether he was comparatively negligent prior to the impact.

Under the circumstances of this case, where Defendant has failed to present any evidence that Mr. Lo acted unreasonably in an emergency situation created by Defendant's intoxicated driving, there are no triable issues of fact as to whether Defendant's negligence was the sole proximate cause of the accident. Accordingly, the Court finds as a matter of law that Defendant

---

[8] Other evidence in the record corroborates Mr. Lo's account. For example, Ms. Donaldson, one of the witnesses, observed that Defendant was traveling "very fast" and approximately 60 miles per hour. (Donaldson Dec).

11

is liable on the claim of negligence and summary judgment should be granted for Plaintiffs on this claim.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment is granted. The Clerk is respectfully requested to terminate the pending motion. (Docket No. 30). The Court schedules a Status Conference for January 25, 2019 at 2:00 p.m.

Dated:    January 11, 2019
          White Plains, New York

                                      **SO ORDERED:**

                                      */s/ Judith C. McCarthy*
                                      JUDITH C. McCARTHY
                                      United States Magistrate Judge